# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

TODD ROBBEN,

    Plaintiff,

v.

CARSON CITY, *et al*

    Defendants.

Case No. 3:15-cv-00530-RFB-CBC

**ORDER**

## I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. ECF No. 63. For the following reasons, the Court grants the motion.

## II. BACKGROUND

Plaintiff Todd Robben ("Plaintiff"), a *pro se* individual, first sued Defendants on October 22, 2015. ECF No.1. In his complaint Plaintiff asserted causes of action for failure to supervise under 42 U.S.C. § 1983, malicious prosecution, First Amendment violations, declaratory relief, Fourth Amendment violations, sixth amendment violations, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") Act pursuant to 18 U.S.C. § 1962, false arrest and imprisonment, intentional infliction of emotional distress, civil conspiracy, defamation, abuse of process, negligent hiring, retention, supervision and training, and Eighth Amendment violations stemming from events that occurred between 2012 and 2014 while Plaintiff was in and out of prison in Carson City, Nevada. Id. Defendants answered on December 15, 2015. ECF No. 14. The

Court granted Plaintiff's motion to stay the case on April 19, 2016 for sixty days. ECF No. 41. On April 24, 2016, Plaintiff moved the Court for appointment of counsel. ECF No. 42. The Court denied the motion for appointment of counsel without prejudice on September 30, 2017. ECF No. 57. On December 11, 2018, Defendants filed the instant motion to dismiss Plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Procedure. Plaintiff opposed the motion on January 2, 2019. ECF No. 66. He also filed suropposition on January 25, 2019. ECF No. 66. Defendants replied on December 28, 2018. ECF No. 64.

### III. DISCUSSION

#### A. Rule 41 Motion

Rule 41(b) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). When considering whether to dismiss for failure to prosecute or comply, district courts weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). The Court discusses each of these factors in turn.

#### 1. The Public's Interest in Expeditious Resolution of Litigation

The Ninth Circuit has noted that this factor "always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, Plaintiff filed his complaint on October 2015. The last filing he made prior to Defendants filing their motion was on December 26, 2017, when he filed a notice of change of address. The change of address was to a prison in Tracy, California, where it appears Plaintiff is

currently incarcerated. Almost a year, or 350 days, passed between Plaintiff's last filling and the instant motion. The Court finds that this factor favors dismissal.

### 2. Court's Need to Manage its Docket

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Id. Plaintiff's failure to prosecute has allowed this case to languish on the Court's docket for almost a year, and the case began in 2015—four years ago. The Court also finds that this factor weighs in favor of dismissal.

### 3. Risk of Prejudice to Defendants

The Court must examine prejudice in conjunction with the plaintiff's reason for delay. Pagtalunan, 291 F.3d at 642. When considering the relationship between delay and prejudice, the Court must consider the prejudice that comes in two forms: "loss of evidence and loss of memory by a witness." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir. 1980). "In every case of delay, a district court in the exercise of its discretion should consider whether such losses have occurred and if so, whether they are significant." Id.

In their motion papers, Defendants claim that they are prejudiced because some individuals and witnesses no longer work for Carson City or are no longer in the area. Given the long delay in the litigation in this case, this is a significant consideration for the Court. This is especially true for a case such as this one where the memories and recollections of individuals will be a central part of the evidence in the case. The Court thus finds that this factor weights in favor of dismissal.

Additionally, the Court finds that Plaintiff has given no explanation for his unreasonable delay. Plaintiff, who is *pro se* and incarcerated, explains in his (untimely) filed opposition that he "is near release from prison" in California, but he does not explain how the fact that he is in prison

has prevented him from litigating this case. Plaintiff does not contest the fact that he has continued to prosecute other cases in the Eastern District of California while incarcerated.

### 4. Public Policy Favoring Disposition of Cases on Their Merits

Because public policy favors disposition of cases on the merits, this factor weighs against dismissal. Pagtalunan, 291 F.3d at 643.

### 5. Availability of Less Drastic Alternatives

Plaintiff has not been previously warned by the Court of the possibility of dismissal for failure to prosecute. This factor thus weighs against dismissal. Calloway v. Howard, 651 F. App'x 637, 639 (9th Cir. 2016) (finding alternatives less than immediate dismissal available when district court sua sponte dismissed case despite pro se plaintiff's statements that he was ready for trial).

The Court finds that four of the five factors weigh in favor of dismissal. Accordingly, the Court will grant Defendants' motion. The Court now turns to address two issues raised in Plaintiff's opposition papers.

## B. Plaintiff's Prior Motion for Appointment of Counsel

Plaintiff has previously moved for counsel in this case, and the Court has denied that motion without prejudice. To the extent that the Court's prior denial of Plaintiff's motion for appointment of counsel without prejudice implied that the Court would reconsider Plaintiff's motion for appointment of counsel after Plaintiff's release from prison, the Court clarifies any implied possible finding. The Court has the discretion to appoint counsel for indigent litigants when there are exceptional circumstances. Palmer v. Valdez, 560 F.3d 965, 969–70 (9th Cir. 2009). When determining whether "exceptional circumstances" exist, the Court should consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id. The likelihood of success on the

merits and the complexity of the legal issues involved must be considered in tandem. Id. The Court finds that Plaintiff has no likelihood of success on the merits. Plaintiff alleges a vast conspiracy by various Carson City district attorneys, judges, and police officers to arrest Plaintiff on false criminal charges, and to imprison him on said false charges. Pl.'s Compl. at 6 – 21, ECF No.1-1. Plaintiff alleges without evidence or support that Carson City has a custom, policy or practice of violating Plaintiff's constitutional rights. Id. Plaintiff alleges that the conspiracy "encompasses the FBI and possibly this Court and Brian Brown and various operative[sic] from Carson City." Pl.'s Emergency Mot. Appoint Counsel at 6, ECF No. 42. Because the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits or shown the complexity of the legal issues involved, the Court does not find that Plaintiff has demonstrated exceptional circumstances warranting appointment of counsel.

### C. Plaintiff's Failure to Comply With Prior Court Orders

The Court further possess inherent powers to sanctions parties for improper or bad faith litigation conduct or abuses. F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc., 244 F.3d 1128, 1136-37 (9th Cir. 2001). This includes dismissal for litigation abuses. Id.

Plaintiff has previously been instructed to not make implicit threats of violence in his communications to the Court. See Tr. of Hr'g on Mar. 21, 2016 at 11 ("It's not appropriate, Mr. Robben, to call my chambers to suggest that you're going to engage in armed protest . . . or to suggest anything that might even be indirectly considered a threat. If I receive any further communication like that in any of your cases, they will be dismissed with prejudice."). Yet Plaintiff proceeds to do just that in his opposition and suropposition to the instant motion. In his opposition, Plaintiff writes that "it is very, very critical that this court allow the Plaintiff his day in court to resolve matters *peacefully* and legally." Pl.'s Opp. at 1, ECF No. 65. Plaintiff then proceeds to

write in his suropposition that "Rest assured, the debt will be paid very, very soon—one way, or another . . ." Pl.'s Suropp. at 1, ECF No. 66. Plaintiff has a history of making indirect and direct threats in this case. [ECF Nos. 45, 49 and 50] (See ECF No. 49, "*I can kill each and every one involved*") The Court finds both of these statements to constitute implicit threats consistent with a pattern that Plaintiff has been warned not to continue. The Court thus finds that they warrant independent and adequate separate grounds for dismissal.

**IV.　CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 63) is GRANTED. The Court dismisses Plaintiff's Complaint with prejudice. The Clerk of the Court is instructed to close the case.

DATED: September 30, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**